IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTA L. WILCOTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-800 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Roberta L. Wilcots's Motion to Remand
(Document No. 6).  After having considered the motion, response,
and applicable law, the Court concludes that the motion should be
denied for the reasons that follow.

I.  Background

In 2006, Roberta L. Wilcots ("Plaintiff") executed a mortgage
and promissory note in favor of Wells Fargo Bank, N.A. ("Wells
Fargo") on property at 3023 Derrick Lane, Manvel, Texas.   In
September of 2008,[1] Plaintiff's home was damaged by Hurricane Ike.
Plaintiff alleges that she then entered into a "90-day Moratorium
Program" with Wells Fargo.  According to Plaintiff, representatives
of Wells Fargo told her that she was in a "workout program" and

_____

[1] Plaintiff's Original Petition provides that "[i]n September
of 2009, Plaintiff's home sustained substantial damage due to
Hurricane Ike."   Document No. 1, ex. D (Plaintiff's Original
Petition).  Hurricane Ike made landfall in September 2008.

that she did not have to make mortgage payments during the moratorium period.  Plaintiff did not pay her mortgage loan from September through December of 2008.  In December 2008, Plaintiff received insurance proceeds to repair her home in the form of a check made out to Wells Fargo for $55,020.24.  Plaintiff forwarded the check to Wells Fargo for endorsement in February 2009.  In her Original Petition, Plaintiff alleged that persons at Wells Fargo told her that these proceeds would be returned to her, but upon receiving the proceeds, Wells Fargo then said that they would not be released until fifty percent of the repairs were completed on her home.  Plaintiff's home remains in disrepair.

Plaintiff filed the instant action in state court seeking damages and injunctive relief against Wells Fargo.  In her Original Petition, Plaintiff asserts claims for breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, and various torts. Plaintiff seeks to recover treble damages under the DTPA, statutory penalties under the Insurance Code, mental anguish damages, exemplary damages, and attorney's fees.  Wells Fargo removed the case based on diversity jurisdiction.  Plaintiff now moves to remand, contending that the requisite amount in controversy is not met because her claims against Wells Fargo do not exceed $75,000.00.  In her motion, Plaintiff now states that of the $55,020.24 that Plaintiff's insurance company paid to Wells Fargo,

2

$27,416.20 has already been dispersed to Plaintiff, and that a letter from Plaintiff's insurance company confirms "that the remaining amount will eventually be released in the amount of $27,607.64."[2] According to Plaintiff, "[t]here is no dispute that this money already belongs to Plaintiff. Therefore, this amount is not in controversy."[3]  Plaintiff "stipulates that the amount she is seeking in damages (excluding insurance proceeds that already belong to her in the amount of $27,607.64) is $74,999.99, excluding interest and costs."[4]

## II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(b).  Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Id. at § 1332(a).  "The jurisdictional facts that support removal must be judged at the time of the removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  When a plaintiff moves to remand for lack of jurisdiction, the burden of

---

[2] Document No. 6 ¶8.

[3] Id. ¶8 (emphasis in original).

[4] Id. ¶8.

3

establishing jurisdiction and the propriety of removal rests upon the defendant.  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  Any doubt as to the propriety of the removal must be resolved in favor of remand.  *See* *Walters v. Grow Group, Inc.*, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75],000."  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *De Aguilar v. Boeing "De Aguilar I"*, 11 F.3d 55, 58 (5th Cir. 1993)).  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75,000]."  *De Aguilar v. Boeing Co. "De Aguilar II"*, 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original).  This may be accomplished in either one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'"  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868

& n.10 (5th Cir. 2002) (quoting <u>Allen</u>, 63 F.3d at 1335) (emphasis in original).

### III. <u>Discussion</u>

A plaintiff may "clarify" his original petition in post-removal filings, but "may not defeat removal by subsequently changing his damage request." <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.3d 211 (5th Cir. 1998). Even if the Court accepted Plaintiff's argument that she only seeks $27,607.64 in insurance proceeds that remain unpaid, the amount in controversy still likely exceeds $75,000.00.[5] Wells Fargo's potential liability includes the $27,607.64, with possible treble damages under the DTPA, plus a penalty under the Texas Insurance Code of ten percent on the proceeds per year that it failed to pay the proceeds, plus any mental anguish damages, plus any exemplary damages, plus any attorney's fees. Thus, it is "facially apparent" from Plaintiff's Original Petition that her claims, in aggregate, likely exceed $75,000 in controversy. Plaintiff's post-

---

[5] Plaintiff's argument that "[t]here is no dispute that this money already belongs to Plaintiff. Therefore this amount <u>is not in controversy</u>," Document No. 6 ¶8 (emphasis in original), is without merit because Wells Fargo *does* dispute that these proceeds belong to Plaintiff. Document No. 1, ex. D (Wells Fargo's Original Answer).

removal attempt to lower her damage request by stipulating that she will only seek $74,999.99 fails as a matter of law. *See* Elizondo v. Pilgrim's Group, Inc., 100 F.3d 952 (5th Cir. 1996) (finding removal proper in personal injury case where, although the plaintiff's petition contained no specific amount of damages and she stipulated her damages were less than the jurisdictional amount after removal, she sought damages for breach of contract, personal injury, attorney's fees, DTPA penalties, lost employment time, mental anguish, medical expenses, and punitive damages); Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (finding that the plaintiff's attempt to reduce his demand after removal by stipulating to the amount of damages he sought did not defeat removal).

## IV.   Order

Accordingly, it is

ORDERED that Plaintiff Roberta L. Wilcots's Motion to Remand (Document No. 6) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this *14TH* day of May, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE